

**FILED**

MAY 1 2 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

## <u>NOT FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re | Case No.  08-11290-B-13 |
| Michael Exciquio Briceno and Rachel Roxanne Briceno, | |
| Debtors. | |
| First Mutual Bank, a Washington corporation, | Adversary Proc. No. 08-1110 |
| Plaintiff, | DC No. DB-1 |
| v. | |
| Rachel Roxanne Briceno, an individual, | |
| Defendant. | |

**MEMORANDUM DECISION REGARDING PLAINTIFF'S MOTION
TO SUBSTITUTE REAL PARTY IN INTEREST**

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

Frank E. Noey, Esq., appeared on behalf of plaintiff, First Mutual Bank, a Washington corporation.

Richard A. Lima, Esq., appeared on behalf of the defendant, Rachel Roxanne Briceno.

Before the court is a motion by plaintiff, First Mutual Bank, a Washington corporation (the "Bank"), to substitute its successor in interest, First Mutual Sales Finance, a Delaware corporation ("FMSF"), as the real party in interest in this adversary

1  proceeding to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(B)[1]

2  (the "Motion").  The Debtors contend, *inter alia*, that the bar date for filing a

3  dischargeability complaint has passed and that FMSF is time barred from prosecuting this

4  adversary proceeding.  The court requested additional briefing and took the matter under

5  submission.  For the reasons set forth below, the Bank's Motion will be granted.

6      This memorandum decision contains the court's findings of fact and conclusions

7  of law required by Federal Rule of Civil Procedure 52(a), made applicable to this

8  adversary proceeding by Federal Rule of Bankruptcy Procedure 7052.  The court has

9  jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 523, and General

10  Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This

11  is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

12  **Background and Findings of Fact.**

13      This bankruptcy was filed as a voluntary petition under chapter 7 of the

14  Bankruptcy Code on March 11, 2008.  The meeting of creditors under § 341 was set for

15  April 17, 2008, no deadline for filing claims was set, and the deadline for filing a

16  dischargeability complaint in the chapter 7 was set as June 16, 2008.  The Bank timely

17  filed this adversary proceeding to determine dischargeability of a debt on June 5, 2008.[2]

18  The initial status conference was set for August 14, 2008.  In the complaint, the Bank

19  alleged that it was the assignee of a home improvement contract which the Debtors had

20  negotiated with ANK Quality Exteriors, Inc. ("ANK").  At the status conference, the

21  court *sua sponte* dismissed the complaint with leave to amend because, *inter alia*, the

22  Bank failed to allege the elements of a claim for relief as to ANK.

23  _____

24      [1]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy

25  Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-
    9036, as enacted and promulgated on or *after* October 17, 2005, the effective date of The

26  Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20,
    2005, 119 Stat. 23.

27      [2]On July 29, 2008, a proof of an unsecured claim was filed by "First Mutual Sales

28  Finance (Successor to First Mutual Bank)" in the amount of $9,864.37 based on a contract.

1    Subsequently, the U.S. Trustee filed a statement of presumed abuse pursuant to
2  § 707(b)(2). In response, the Debtors converted the case to one under chapter 13 on
3  September 3, 2008. The chapter 13 notice to creditors set January 5, 2009, as the
4  deadline for filing claims. The new bar date for filing a dischargeability complaint in the
5  chapter 13 was set as December 8, 2008 (the "Chapter 13 Bar Date"). On October 14,
6  2008, well before the Chapter 13 Bar Date, the Bank filed a first amended complaint
7  ("Amended Complaint") in this adversary proceeding which designed FMSF as the
8  plaintiff. In the Amended Complaint, FMSF alleged that it was the successor in interest
9  to the Bank. The Bank's name no longer appeared in the caption of the complaint. At the
10  continued status conference, on January 29, 2009, the court directed the Bank to file a
11  motion to substitute FMSF as the real party in interest if the Debtors would not stipulate
12  to such relief. The parties met and conferred, but the Debtors have refused to stipulate.
13  **Issue.**

14    The Bank contends that its claim against the Debtors was transferred to FMSF
15  before the bankruptcy was filed.[3] Accordingly, the Bank concedes that it did not have a
16  claim against the Debtors at the time this adversary proceeding was filed to determine
17  dischargeability of the claim. FMSF must substitute in as plaintiff in order for the
18  adversary proceeding to continue. The Bank requests an order substituting FMSF as the
19  plaintiff in this adversary proceeding. In opposition to the motion, the Debtors contend
20  that the motion is untimely, that the Bank did not have standing to file the complaint in
21  the first place, and that the bankruptcy court lacks jurisdiction over the adversary
22  proceeding. The Debtors also request dismissal of the adversary proceeding; however,
23  they have not formally moved for dismissal.
24  / / /
25
26

27    [3]The court is not finding here that the Bank's claim was properly assigned to FMSF.
   FMSF's position as the Bank's successor in interest is a factual issue that will still have to be
28  proven at trial if disputed in good faith by the Debtors.

3

1 **Applicable Law and Analysis.**

2      The rule for designating the party plaintiff in an adversary proceeding is set forth

3 in Federal Rule of Bankruptcy Procedure 7017, which specifically incorporates Federal

4 Rule of Civil Procedure 17. Rule 17(a)(1) provides in pertinent part; "An action must be

5 prosecuted in the name of the real party in interest."

6      When an adversary proceeding is filed by the wrong party, that does not deprive

7 the court of jurisdiction over the claim. Rule 17(a)(3) specifically addresses this issue:

8         The court may not dismiss an action for failure to prosecute in the
name of the real party in interest until, after an objection, a
9         reasonable time has been allowed for the real party in interest to
ratify, join, or be substituted into the action. After ratification,
10         joinder, or substitution, the action proceeds as if it had been
originally commenced by the real party in interest.
11

12      In the case of *Federal Deposit Insurance Corporation v. Meyer (In re Meyer)*, 120

13 F.3d 66 (7th Cir. 1997), a creditor, Commercial Finance, filed an adversary proceeding to

14 determine dischargeability of a debt. During discovery, it was revealed that Commercial

15 Finance was not the real party in interest because it had assigned the debt to its parent

16 company. Eventually the debt ended up in the hands of the Federal Deposit Insurance

17 Corporation ("FDIC"). The debtor argued that the wrong entity filed the adversary

18 proceeding and that Commercial Finance was never the right party to pursue the action.

19 Furthermore, whomever the creditor was, the debtor alleged, it missed the 60-day window

20 for filing the complaint prescribed in Fed.R.Bankr.P. 4007(c). After the issue was raised,

21 the bankruptcy court allowed the FDIC to substitute for Commercial Finance and found

22 the debt to be nondischargeable under §523(a)(2)(A). The decision was affirmed on

23 appeal to the district court.

24      Addressing first the statute of limitations issue, the court of appeals stated:

25         The force of Rule 4007(c) therefore should fall first and foremost on
whether a complaint was filed against a specific debt, not so much
26         on who makes the complaint. Here, Commercial Finance's timely
filing put Meyer on notice. Meyer knew that some creditor in a daisy
27         chain would contest the discharge of the $3 million-plus default
judgment. The purpose of Rule 4007(c) had thus been served and
28         the 60-day rule satisfied.

4

1    *Id.* at 68.   The court noted that the debtor had not shown or argued that he suffered any

2    prejudice from the nominal error.

3        Addressing the "real party in interest" issue, the *Meyer* court stated:

4            Rules 15 and 17 of the Federal Rules of Civil Procedure . . .
            contemplate allowing just this sort of party-substitution. "No action
5            shall be dismissed on the ground that it is not prosecuted in the name
            of the real party in interest," Rule 17(a) states, "until a reasonable
6            time has been allowed after objection for . . . substitution of the real
            party in interest." And under Rules 15(c) and 17(a), a court is to
7            treat the substituted party as if it had been the named party all along."

8    *Id.* at 68-9.

9            Here the debt at issue, which is the critical thing (and not the precise
            identity of the creditor), has remained fixed–the $3,450,236.05 and
10           associated expenses deriving from Meyer's personal guarantee. A
            putative creditor filed on time a complaint of nondischargeability and
11           thus fulfilled Rule 4007(c)'s mandate. The only question that arose
            later was which member of a corporate family properly claimed that
12           debt. Better that the right entity file the request for non-discharge in
            time under § 523(c); but if the wrong related entity files for the same
13           debt, a bankruptcy judge is not obliged to toss the request out of
            court.

14

15   *Id.* at 69.

16       In the case, *Capobianco v. Trew (In re Capobianco)*, 248 B.R. 833 (9th Cir. BAP

17   2000), a business filed a timely nondischargeability complaint under its corporate name.

18   After the bar date had expired, the plaintiff moved to amend its complaint to substitute a

19   sole proprietorship as the proper party.   The bankruptcy court granted the motion and the

20   debtor appealed the substitution issue.   The court held, *inter alia*, that the substitution did

21   not abridge the debtor's substantive right to discharge and that the substitution was

22   properly allowed.

23       Applying these principles to this case, it is clear that this adversary proceeding

24   should proceed as if it had been originally commenced by FMSF.   The Debtors never

25   raised an objection to the Bank's prosecution of this dispute; the issue was first raised by

26   the court.   The complaint was originally filed within the chapter 7 bar date prescribed by

27   Rule 4007(c).   FMSF properly filed a proof of claim in its name before the initial status

28   conference.   The amended complaint was filed to designate FMSF as the real party in

5

1   interest long before the Chapter 13 Bar Date which came into effect after the Debtors

2   converted the case to chapter 13.  There is no surprise that FMSF is the holder of this

3   claim and the Debtors have shown no prejudice from the substitution.

4        In support of their opposition, the Debtors cite *United Healthcare Corp. v.*

5   *American Trade Ins. Co., Ltd.*, 88 F.3d 563 (8th Cir. 1996) for the proposition that the

6   Bank had no right to file the adversary proceeding in the first place.  The court finds

7   *United Healthcare* to be inapposite here.  In *United Healthcare*, the court explained that

8   the purpose of the real-party-in-interest rule is to *protect the defendant* against a

9   subsequent action by the party who should have filed the complaint in the first place.  *Id.*

10  at 569.  Here, the Debtors will be protected by allowing the substitution.  They will not

11  have to face FMSF in a subsequent action based on the same claim.  The court also ruled

12  that the real-party-in-interest objection had been waived because it was not raised until

13  the pre-trial conference - nearly two years into the case.  If the real-party-in-interest rule

14  was jurisdictional, it could never be waived.  Waiver is not an issue here because the real-

15  party-in-interest question has arisen early in the adversary proceeding.  *United Healthcare*

16  does not support the proposition that this court lacks jurisdiction over the adversary

17  proceeding.  Neither does it support the proposition that the adversary proceeding cannot

18  proceed with FMSF as the new plaintiff.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

6

**Conclusion.**

Based on the foregoing, and on the evidence presented, the court is persuaded that FMSF is the real party in interest to prosecute this adversary proceeding. FMSF was designated as the real party in the Amended Complaint which was filed long before the Chapter 13 Bar Date. The Debtors have not shown any prejudice from substitution of FMSF. The Bank's Motion to substitute FMSF as the plaintiff is well taken and should be granted. If the Debtors dispute in good faith FMSF's right to enforce the underlying claim, that issue will have to be litigated at trial.

Dated: May ___12___, 2009

W. Richard Lee
United States Bankruptcy Judge

7